IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| VIRGINIA NESTER and ROBERT SCOTT NESTER, Individually and as Next Friend of C.N. and S.N., minors, | § § § § § § § § § § § | |
| *Plaintiffs*, | | Cause No. 1:13-CV-00920-DAE |
| vs. | | JURY DEMANDED |
| TEXTRON, INC., d/b/a E-Z-GO, | | |
| *Defendants*. | | |

**PLAINTIFFS' MOTION TO STRIKE CONSIDERATION OF
CERTAIN ARGUMENTS AND/OR EVIDENCE IN SUPPORT OF TEXTRON'S
MOTION FOR SUMMARY JUDGMENT**

Plaintiffs Virginia (Gini) Nester and Robert Scott Nester, individually and as next friends of C.N. and S.N., minors, file this motion to strike certain evidence or arguments in support of Defendant Textron, Inc. d/b/a E-Z-GO's (Textron) motion for summary judgment, and in support thereof would respectfully show as follows:

## I.     INTRODUCTION

Textron has impermissibly attempted to support its motion for summary judgment with references to unidentified portions of filings that did not exist when the motion for summary judgment was filed. Because the Federal Rules of Civil Procedure require Textron to identify the materials supporting its request for summary judgment and timely provide access to them, the Nesters respectfully request an order striking from consideration any arguments and/or evidence contained in Textron's after-filed *Daubert* motions, and for such other and further relief to which the Nesters may be justly entitled.

## II. ARGUMENTS AND AUTHORITIES

Textron moved for summary judgment on July 10, 2015.[1] In its motion, Textron attempted in multiple places to incorporate arguments and/or evidence from motions that had not yet been filed.[2] An example from page seven of its motion for summary judgment is below:

> Plaintiff's proffered experts, Newbold and Vigilante, have offered conclusory opinion testimony which concludes that the cart was defectively designed. Such testimony should be excluded. Textron's Motion to Exclude/Strike Plaintiffs' Expert Testimony, when filed, will set forth the basis for such exclusion which is hereby incorporated herein in its entirety.[3]

On the date Textron's motion for summary judgment was filed, July 10, 2015, no motions to exclude or strike Mr. Newbold or Dr. Vigilante had been filed. It was not until July 21, 2015, three days before the Nesters' response to Textron's motion for summary judgment was due, that any motions to exclude or strike Mr. Newbold or Dr. Vigilante were filed.[4]

First, Rule 56(c)(1) of the Federal Rules of Civil Procedure requires a party asserting that a fact cannot be disputed—i.e., Textron—must support that assertion by citing to particular parts of the materials in the record.[5] The Nesters, like judges, "are not like pigs, hunting for truffles buried in [other unfiled motions]."[6] Because Textron did not cite to or even identify the portions of its unfiled *Daubert* motions it would rely on in its motion for summary judgment, this Court

---

[1] *See generally* Textron's motion for summary judgment (Doc. No. 70).

[2] Textron's motion for summary judgment (Doc. No. 70), at 7, 9, 11, 15, 17, 18.

[3] Textron's motion for summary judgment (Doc. No. 70), at 7.

[4] *See* Motion to Exclude/Strike the Opinion Testimony of Herbert C. Newbold On the Grounds That He Lacks the Qualifications to Render Such Opinion Testimony (Doc. No. 75); Motion to Exclude/Strike the Opinion Testimony of Herbert C. Newbold Criticizing the Design of the ST350 (Doc. No. 76); Motion to Exclude/Strike the Opinion Testimony of Herbert C. Newbold Regarding What Occurrences Were "Reasonably Foreseeable" to Textron (Doc. No. 77); Motion to Exclude Opinion Testimony of William Vigilante (Doc. No. 78).

[5] FED. R. CIV. P. 56(c)(1).

[6] *See De La O v. Housing Auth. of El Paso, Tex.*, 417 F.3d 495, 503 (5th Cir. 2005).

should not consider any arguments and/or evidence contained in Textron's after-filed *Daubert* motions in support of Textron's motion for summary judgment.[7]

Second, Textron's litigation tactics have deprived the Nesters of the full period to respond to Textron's motion for summary judgment that is afforded under the local rules for the United States District Court for the Western District of Texas. Normally, a party is granted 14 days to respond to a motion for summary judgment in this district.[8] But because Textron has withheld a large portion of the arguments and/or evidence on which it purports to base its motion for summary judgment,[9] the Nesters have effectively been given only three days to respond to Textron's motion. Because this is a violation of local rule CV 7-1(e), this Court should abstain from considering any arguments and/or evidence contained in Textron's *Daubert* motions, Document Nos. 75–78.

## III. CONCLUSION

For the reasons set forth above, the Nesters respectfully request an order striking from consideration on Textron's motion for summary judgment any arguments and/or evidence contained in Textron's after-filed *Daubert* motions, and for such other and further relief to which the Nesters may be justly entitled.

---

[7] *See, e.g.*, *Harris v. Fresenius Med. Care*, No. H-04-4807, 2006 U.S. Dist. LEXIS 50454, at *35–36 (S.D. Tex. July 24, 2006) (striking consideration of an entire EEOC file and deposition transcripts because the proponents did not include citations to specific parts of the file or deposition).

[8] W.D. Tex. Civ. R. 7-1(e)(2).

[9] *See* Textron's motion for summary judgment (Doc. No. 70), at 7, 9, 11, 15, 17, 18.

| | |
|---|---|
| Dated: July 24, 2015 | Respectfully submitted,<br><br>HOWRY BREEN & HERMAN, L.L.P.<br><br>_____<br>Sean E. Breen<br>sbreen@howrybreen.com<br>State Bar No. 00783715<br>1900 Pearl Street<br>Austin, Texas 78705-5408<br>Tel. (512) 474-7300<br>Fax (512) 474-8557<br><br>Craig A. Nevelow<br>cneleow@w-g.com<br>State Bar No. 14933580<br>WRIGHT & GREENHILL, P.C.<br>221 West 6th Street, Suite 1800<br>Austin, Texas 78701<br>Tel. (512) 476-4600<br>Fax (512) 476-5382<br><br>*Attorneys for Plaintiffs Virginia Nester and Robert Scott Nester, Individually and as Next Friend of C.N. and S.N., minors* |

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of this document was delivered on July 24, 2015, in accordance with Rule 5(b)(2) of the Federal Rules of Civil Procedure, to the parties listed and in the manner indicated below:

| | |
|---|---|
| Dale Gene Markland<br>dmarkland@marklandhanley.com<br>Tara E. Hanley<br>thanley@marklandhanley.com<br>Delwin Eugene Hervey<br>dhervey@marklandhanley.com<br>MARKLAND HANLEY LLP<br>2200 Ross Avenue Suite 4100W<br>Dallas, TX 75201<br>Tel. (469) 341-3633<br>Fax (469) 341-3640 | ☐ In person<br>☐ Left at office or dwelling<br>☐ Registered or certified mail or delivery service<br>☐ Left with court clerk<br>✓ Electronic means<br>☐ Other: _____ |

Brittan L. Buchanan
bbuchanan@vbllp.com
VAN OSSELAER & BUCHANAN, LLP
9600 Great Hills Trail, Suite 300 West
Austin, TX 78759
Tel. (512) 225-2822
Fax (512) 225-2801

*Attorneys for Defendant Textron, Inc.,
d/b/a E-Z-GO*

Sean E. Breen