IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **VIRGINIA NESTER and** | § | |
| **ROBERT SCOTT NESTER,** | § | |
| **INDIVIDUALLY and AS NEXT** | § | |
| **FRIENDS OF C.N. and S.N., MINORS** | § | |
| | § | |
| **PLAINTIFFS,** | § | **CASE NO. 1:13-CV-00920-DAE** |
| | § | |
| **V.** | § | |
| | § | |
| **TEXTRON, INC. d/b/a E-Z-GO,** | § | **JURY TRIAL DEMANDED** |
| **UNITED RENTALS, INC. f/k/a** | § | |
| **RSC HOLDINGS, INC. and/or RSC** | § | |
| **EQUIPMENT RENTAL,** | § | |
| | § | |
| **DEFENDANTS** | § | |

### E-Z-GO DIVISION OF TEXTRON, INC.'S PRECAUTIONARY MOTION FOR LEAVE TO FILE ITS MOTION TO EXCLUDE THE UNTIMELY TESTING AND OPINION TESTIMONY OF HERBERT NEWBOLD

Defendant E-Z-GO division of Textron, Inc. ("Textron") files this Motion for Leave to File its Motion to Exclude the Untimely Testing and Opinion Testimony of Herbert Newbold attached hereto as <u>Exhibit A</u> and in support of same would respectfully show the Court the following:

**Factual Background**

1.  On the discovery deadline (June 22, 2015), five months after Plaintiffs' expert designation and report deadline (as established by the then existing Court set deadline), Plaintiffs disclosed a supplemental report that revealed for the first time that its expert, Herbert Newbold ("Newbold") had conducted testing on an exemplar 2001 Workhorse cart to provide support for his opinions. On or about July 7, 2015 Textron moved the Court to extend the discovery

deadline for the limited purpose of taking the deposition of Herbert Newbold again to question him about this June 22nd supplemental report and his testing of the exemplar 2001 Workhorse cart (Doc.# 68).  On or about July 13, 2015, the Court entered a Text Order granting Textron's motion by (1) extending the discovery deadline for purposes of deposing Newbold regarding his 6-22-15 supplemental report; (2) extending the deadline for filing a *Daubert* motion challenging Newbold's opinion and testimony from 7-22-15 to ten days after Newbold's deposition (8-7-15); and (3) extending the dispositive motion deadline until ten days after Newbold's deposition (8-7-15).

2. Textron interpreted the July 13, 2015 Text Order as requiring Textron to file a motion to exclude relative to Mr. Newbold relating to matters other than his June 22nd supplemental report by the July 22, 2015 deadline for filing such motions while permitting Textron to file another motion to exclude, after the 7-22-15 deadline, limited to Newbold's testing and opinions set forth in the June 22, 2015 supplemental report and the subsequent deposition of Newbold as authorized by the Court to question Newbold about his supplemental report and the testing and opinions referenced therein[1].  However, out of an abundance of caution, Textron files this motion for leave to file this second Motion to Exclude/Strike Untimely Testing and Opinion Testimony of Herbert C. Newbold which is attached hereto as <u>Exhibit A</u> in case its interpretation of the July 13, 2015 Text Order differs from that intended by the Court.

### The Motion

In the present case, Textron moves for leave to file its motion to exclude the untimely testing and opinion testimony of Newbold.  Specifically, the June 19th –June 22nd testing done on the exemplar 2001 Workhorse cart, and all opinions based on such testing, including the opinion

---

[1] As such, Textron has pending before the Court its initial Motion to Exclude Certain Opinion Testimony of Herbert Newbold (Doc. # 88)

that as manufactured or designed the E-Z-GO Workhorse cart will not move forward with the park brake engaged, with the interlock disconnected, and with the accelerator pedal pressed because such testing was done and/or disclosed: (1) in a untimely fashion and such opinions were expressed well after the Plaintiffs' expert disclosure and report deadlines; (2) long after Textron's expert, Dr. Bizzak, indicated in his report that he had done similar testing that then could be rebutted by Mr. Newbold had he chosen to do so; (3) long after Newbold's initial expert deposition; and (4) on the date of the discovery deadline.

3. The reasons why Textron's attached Motion to Exclude should be granted are numerous and in order to properly address why it is highly prejudicial to Textron for Plaintiffs to be allowed to utilize the late designated testing and opinions, Textron needed the attached 8 pages of briefing. The undersigned has taken every step it could contemplate to limit the length of the attached Motion.

4. Good cause, therefore, exists for Textron to file the Motion attached as <u>Exhibit A</u>. Textron had no way of knowing before the inspection of the Newbold exemplar cart (on July 27th) that the acceleration on the Newbold exemplar was under-powered or that the brake adjustment was not set to manufacturer's specifications because Plaintiffs/Newbold produced no photos or video showing the park brake engagement force measurements nor did he or Plaintiffs reveal the information necessary to determine the functional and maintenance issues at play, such as the seller's identity, the prior owners identities, or the means to obtain the maintenance and service life history of the cart. The attached Motion is necessary to adequately brief the Court on the numerous reasons why Textron's attached Motion to Exclude the Untimely Testing and Opinion Testimony of Herbert Newbold should be granted.

5. Accordingly, Textron submits this motion seeking leave from the Court, if necessary, for Textron to file its Motion to Exclude/Strike the Untimely Testing and Opinion Testimony of Herbert Newbold attached hereto as Exhibit A.

### Prayer

For all of the foregoing reasons, Textron prays that the Court enter an order: (1) granting leave for Textron to file its Motion to Exclude/Strike the Untimely Testing and Opinion Testimony of Herbert Newbold; (2) instructing the Court Clerk to File the Motion to Exclude/Strike the Untimely Testing and Opinion Testimony of Herbert Newbold that is attached as Exhibit A; and (3) granting such other relief, both at law and in equity, to which Textron may show itself justly entitled to receive.

RESPECTFULLY SUBMITTED,
/s/ Dale G. Markland
DALE G. MARKLAND
  Texas State Bar No. 12988500
  dmarkland@marklandhanley.com
TARA E. HANLEY
  Texas State Bar No. 00784205
  thanley@marklandhanley.com
DELWIN E. HERVEY
  Texas State Bar No. 90001632
  dhervey@marklandhanley.com
MARKLAND HANLEY
2200 Ross Avenue, Suite 4100W
Dallas, TX 75201
469.341.3633
469.341.3640 (fax)

Brittan L. Buchanan
Texas State Bar No.  03285680
bbuchanan@bddglaw.com
Buchanan Dimasi Dancy Grobouski
9600 Great Hills Trail
Suite 300 West
Austin, Texas 78759
Phone: (512) 225-2822
Fax: (512) 225-2801
ATTORNEYS FOR E-Z-GO DIVISION OF TEXTRON, INC.

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the above and foregoing document has been forwarded to all known counsel of record in accordance with the Federal Rules of Civil Procedure, the local rules of the Western District of Texas, and the policies and procedures of the Federal Electronic Filing system on this 7th day of August, 2015.

| | |
|---|---|
| Sean E. Breen | Brittan L. Buchanan |
| Howry Breen & Herman, L.L.P. | bbuchanan@bddglaw.com |
| 1900 Pearl Street | Buchanan Dimasi Dancy Grobouski |
| Austin, Texas 78705-5408 | 9600 Great Hills Trail |
| | Suite 300 West |
| *Attorneys for the Plaintiffs* | Austin, Texas 78759 |
| | Tel. (512) 225-2822 |
| | Fax (512) 225-2801 |
| | |
| | *Local Counsel for E-Z-Go Division of Textron, Inc.* |
| | |
| | /s/ Delwin E. Hervey |
| | Delwin E. Hervey |