IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| VIRGINIA NESTER and ROBERT SCOTT NESTER, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | 1:13-CV-920 RP |
| TEXTRON, INC., | § § § | |
| Defendant. | § § | |

**ORDER**

Before the Court are Plaintiffs' Motion for Reimbursement of Expert Expenses (Dkt. 270), Defendant's Response (Dkt. 285), and Plaintiffs' Reply (Dkt. 290). After reviewing these filings and the relevant case law, the Court issues the following order.

**I. BACKGROUND**

On December 5, 2011, Plaintiff Virginia Nester ("Mrs. Nester") was injured by a Workhorse ST 350 ("Workhorse") on her family's ranch in Buda, Texas. (Compl. ¶ 11, Dkt. 1). The Workhorse is a utility cart designed, manufactured, and marketed by Defendant Textron, Inc. ("Textron"), doing business as E-Z-GO. (*Id.* ¶ 8). Mrs. Nester had exited the vehicle to open a gate, and while her back was turned to the Workhorse, the vehicle accelerated from a complete stop, ran her over, and pinned her to the ground. (*Id.* ¶ 10). Subsequently, Mrs. Nester was diagnosed with multiple fractured and dislocated vertebrae. (*Id.* ¶ 11). Mrs. Nester is now a quadriplegic as a result of the injuries she sustained. (*Id.* ¶ 11).

Mrs. Nester and her husband, Robert Scott Nester ("Plaintiffs") filed suit in this case on October 17, 2013, and a jury trial was held beginning on March 21, 2016. (Dkt. 233). The jury returned its verdict on March 31, 2016 and awarded Plaintiffs $15,807,875 in damages. (Dkt. 253). In this Court's final judgment, issued on April 27, 2016, the Nesters were ordered to submit a proposed

1

bill of costs for approval within fourteen days of the date judgment as entered. (Dkt. 266 at 2). Plaintiffs filed a proposed bill of costs on May 11, 2016 (Dkt. 269), and at the same time, also filed the Motion for Reimbursement of Expert Expenses currently pending before the Court (Dkt. 270).

## II. DISCUSSION

Recovery of expert witness fees is ordinarily limited to the statutory amounts authorized under 28 U.S.C. § 1821 and § 1920. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 332 (5th Cir. 1995) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 439 (1987)). However, Federal Rule of Civil Procedure 26(b)(4)(E) provides an independent basis of recovery of expert fees as part of discovery. *See id.* (citing previous version of rule related to expert fees, located at Fed. R. Civ. P. 26(b)(4)(C)).

Rule 26(b)(4)(E) provides:

> *Payment*. Unless manifest injustice would result, the court must require that the party seeking discovery:
> (i) pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (D); and
> (ii) for discovery under (D), also pay the other party a fair portion of the fees and expenses it reasonably incurred in obtaining the expert's facts and opinions.

Rule 26(b)(4)(A) relates to an expert who may testify at trial, while Rule 26(b)(4)(D) relates to experts employed for trial preparation only. Because Plaintiffs only seek fees for experts who testified at trial, (Pls.' Mot. for Reimbursement of Expert Expenses at 4, Dkt. 270), only subsection (i) and discovery under Rule 26(b)(4)(A) are relevant here.

Rule 26(B)(4)(A) provides:

> *Deposition of an Expert Who May Testify*. A party may depose any person who has been identified as an expert whose opinions may be presented at trial. . . .

**A. Scope of Rule 26(b)(4)(E)(i)**

The parties dispute whether the fees covered by Rule 26(b)(4)(E)(i) should cover only time an expert spends on a deposition, or should also include other time the expert spends in responding to discovery and providing testimony at hearings and trials. However, the text of Rule 26(b)(4)(E)(i) indicates that with respect to experts testifying at trial, it only covers time spent on the expert's deposition.

Plaintiffs make two primary arguments in support of their position that the scope of Rule 26(b)(4)(E)(i) goes beyond depositions. First, Plaintiffs argue that federal district courts do not universally limit Rule 26(b)(4)(E)(i) to time spent on depositions. They point to three federal district court cases to argue that Rule 26(b)(4)(E)(i) permits a party to seek compensation for time spent responding to discovery requests outside of a testifying expert's deposition. (Pls.' Reply at 2, Dkt. 290). But each of these cases rely on a previous version of Rule 26 that was broader in scope,[1] and provided that "the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery *under this subdivision*." Fed. R. Civ. P. 26(b)(4)(C)(i) (2006). Amendments to the Federal Rules of Civil Procedure in 2007 narrowed the rule, changing it from requiring payment for any time a testifying expert spent responding to any discovery under Rule 26(b), to only requiring payment for time a testifying expert spent responding to discovery under Rule 26(b)(4)(A), which covers depositions. *Young v. Liberty Mut. Grp. Inc.*, No. CV-12-02302, 2015 WL 12669890, at *1 (D. Ariz. Jan. 8, 2015).[2] Further, one of the cases relied on by Plaintiff, even under the older version of

---

[1] *See Adkinson v. Procter & Gamble Co.*, No. 1:10-CV-85, 2011 WL 5026418 (S.D. Ohio Oct. 21, 2011); *Packer v. SN Servicing Corp.*, 243 F.R.D. 39, 42 (D. Conn. 2007); *Fisher-Price, Inc. v. Safety 1st, Inc.*, 217 F.R.D. 329, 331 (D. Del. 2003). Notably, *Adkinson* was published well after the 2007 amendments to the federal rules, but the case cited to the old version of the rule rather than the new version, and primarily relies on cases applying the older version. *See Adkinson*, 2011 WL 5026418, at *2, 4.

[2] There is some dispute regarding whether this change was intended to be a substantive one that narrowed the application of Rule 26(b)(4)(E)(i) (then Rule 26(b)(4)(C)(i)), or a mere clarification. Arguably, a 1993 amendment narrowed the rule considerably with respect to testifying experts, *see* Wright, Miller & Kane 8A Fed. Prac. & Proc. Civ. § 2034 Expert Witnesses—Fees of Expert Witnesses (3d ed. 2016) ("[U]ntil 1993 Rule 26(b)(4)(C) provided the court

3

the Rule, only provided for costs related to depositions—time spent in the deposition and time spent preparing for it—and not other discovery costs. *See Packer v. SN Servicing Corp.*, 243 F.R.D. 39, 44 (D. Conn. 2007) (holding that time experts spent collecting documents pursuant to a subpoena were excluded, but other deposition preparation time was compensable).

Second, Plaintiffs argue that Defendant's "scorched-earth litigation strategy necessitated inordinate expert preparation," thus it "should not be permitted to avoid the consequences of its strategy." (Pls.' Reply at 3, Dkt. 290). Plaintiffs list numerous tasks they deem "excessive or unnecessary" that they assert were caused by Defendant's strategy: "[d]ocument requests, interrogatories, site visits, vehicle inspections, expert reports, expert report revisions, depositions, *Daubert* motions, summary judgment motions, *Daubert* hearings, and trial testimony." (*Id.*). Plaintiffs request that Defendant be ordered to pay their experts' fees for time spent on all of these tasks.

Rule 26(b)(4)(E)(i), however, is not an avenue to getting the other side to pay for the costs of your litigation—no matter how vexatious the other side might be. *See, e.g., Fiber Optic Designs, Inc. v. New England Pottery, LLC.*, 262 F.R.D. 586,591 (D. Colo. 2009) ("No one could plausibly suggest that an opposing party should be required to reimburse an expert for preparation costs that the expert will inevitably incur if the case proceeds to trial and the expert is actually called as a witness."). It does not cover costs entirely unrelated to discovery, such as trial testimony. In fact, even under the pre-2007 version of Rule 26, the Fifth Circuit expressly held that time an expert spends in response to a *Daubert* motion is not covered, *see Knight v. Kirby Inland Marine Inc.*, 482 F.3d 347, 356 (5th Cir. 2007) ("A *Daubert* hearing is not a discovery proceeding but an evidentiary hearing

---

discretion to order the discovering party to pay the other party a fair share of the fees and expenses that party incurred in obtaining facts and opinions from a testifying expert."), and the 2007 amendment was merely stylistic. Fed. R. Civ. P. 26 Advisory Committee Notes (stating that 2007 Amendment's "changes are intended to be stylistic only" "to make the [rules] more easily understood," but not directly addressing the relevant change). Regardless, it is clear to the Court that in at least two of the cases cited by Plaintiffs, which each awarded fees unrelated to depositions, the deciding courts awarded fees more broadly than the plain language of the rule currently allows. Thus, as applied by these courts, the rule has been narrowed.

designed to screen expert testimony."). Instead Rule 26(b)(4)(E)(i) is narrow, and provides only for the payment of an expert for the time spent responding to discovery under 26(B)(4)(A)—the expert's deposition. This reading of Rule 26(b)(4)(E)(i) is consistent with the Advisory Committee Notes, which explain that "[c]oncerns regarding the expense of [expert] depositions should be mitigated by the fact that the expert's fees for the deposition will ordinarily be borne by the party taking the deposition." Advisory Committee Notes, Fed. R. Civ. P. 26; *see also* Wright, Miller & Kane 8A Fed. Prac. & Proc. Civ. § 2034 Expert Witnesses—Fees of Expert Witnesses (3d ed. 2016) (describing Rule 26(b)(4)(E) as "requiring payment for [an] expert's time spent on the deposition").

Accepting that only costs related to an expert's deposition are subject to Rule 26(b)(4)(E)(i), the question remains whether the rule covers only time spent by the expert in the deposition, as Defendant argues, or also (1) time spent preparing for the deposition, (2) time spent traveling to the deposition, (3) time spent reviewing and correcting the deposition transcript, and (4) other expenses incurred traveling to and from the deposition. The Court will briefly address each of these costs.

### 1. Deposition Preparation Time

Courts have generally found that time spent preparing for a deposition is compensable under Rule 26(b)(4)(E)(i), so long as it is reasonable. *See, e.g.*, *Halasa v. ITT Educ. Servs., Inc.*, 690 F.3d 844, 852 (7th Cir. 2012) (affirming district court's award of reimbursement including time for "deposition preparation"); *Ushijima v. Samsung Elecs. Co.*, No. A-12-CV-318-LY, 2015 WL 11251558, at *6 (W.D. Tex. July 30, 2015) (ordering reimbursement of one hour of preparation time for every hour spent in deposition); *Se-Kure Controls, Inc. v. Vanguard Prod. Grp., Inc.*, 873 F. Supp. 2d 939, 956 (N.D. Ill. 2012) ("In general, courts in this District have concluded that, under Rule 26(b)(4)(E), it is reasonable for a party to recover expert witness fees from the opposing party for the time an expert spent both preparing for and attending a deposition conducted by the opposing party."); *Tavarez-Guerrero v.*

*Toledo-Davila*, 271 F.R.D. 426, 428 (D.P.R. 2010) ("Courts have generally found that the party taking the deposition is required by Rule 26(b)(4)(E)(i) to pay for preparation time.").

While Defendant is correct that some courts have chosen not to reimburse any preparation time, *see Rock River Commc'ns, Inc. v. Universal Music Grp.*, 276 F.R.D. 633, 636 (C.D. Cal. 2011), the concerns of these courts—that the deposing party has no control over how much time an expert prepares, and that an expert's preparation may largely consist of trial preparation—can be addressed by limiting, rather than excluding, reimbursement for deposition for preparation time.

### 2. Travel Time

Defendant admits that time traveling to and from the deposition is covered under Rule 26(b)(4)(E)(i), but argues that compensation for travel time should be half the expert's regular hourly charge. (Def.'s Resp. at 3–4, Dkt. 285). Defendant relies on a line of cases from federal courts in New York to support this approach. *See, e.g.*, *Mannarino v. United States*, 218 F.R.D. 372, 377 (E.D.N.Y. 2003) ("[C]ompensation for travel time should be half the regular hourly amount charged."). The Court will not adopt that same approach here, finding that it is reasonable that an expert may charge the same amount for both travel time and other work because if the expert was not traveling, he or she might be able to bill their full rate on other work. To the extent the Court finds that the total travel time of an expert in traveling to and from a deposition is unreasonable, however, it will reduce that time to a reasonable amount.

### 3. Time Spent Reviewing Deposition

Neither party directly addresses whether the time spent reviewing a deposition falls within the scope of Rule 26(b)(4)(E)(i). However, like deposition preparation time, the Court finds that although the time an expert spends reviewing his or her deposition is compensable, *see, e.g.*, *Halasa*, 690 F.3d at 852 (affirming district court's award of reimbursement including time for "time spent reviewing his deposition transcript"), it should be limited to the extent it is unreasonable.

While a deposing party can reasonably expect that an expert will read their deposition for obvious errors or typos, an expert may also review their deposition in order to help prepare their trial testimony and for cross-examination. This sort of review is not related to the deposition, but instead, part of trial preparation. Thus, any time that clearly goes beyond the time it would take for the expert to read the transcript of their deposition should be excluded as unreasonable.

### 4. Travel Costs

Like with review time, neither party directly addresses whether the costs of travel to and from a deposition, such as the cost of a plane ticket or hotel room, fall within the scope of Rule 26(b)(4)(E)(i). However, the rule only requires that a deposing party pay for an expert's *time*, not other costs or expenses. Fed. R. Civ. P. 26(b)(4)(E)(i) ("Unless manifest injustice would result, the court must require that the party seeking discovery . . . pay the expert a reasonable fee for *time* spent in responding to discovery under Rule 26(b)(4)(A)." (emphasis added)).[3] Thus, the Court will exclude such costs from its award of any expert's fees pursuant to Rule 26(b)(4)(E)(i).

### B. Plaintiffs' Motion for Reimbursement of Expert Expenses

Plaintiff's Motion for Reimbursement of Expert Expenses requested that the Court order Defendant to pay "the full amount of the fees [Plaintiffs] incurred, in the amount of $446,393.84." (Pls.' Mot. for Reimbursement of Expert Expenses at 7, Dkt. 270). As the Court explained, however, much of the fees requested by Plaintiffs fall well outside of the scope of Rule 26(b)(4)(E)(i).

Accordingly, the Court has taken time to review the evidence submitted by Plaintiffs in detail. Plaintiffs bear the burden of establishing that each expert's fee is reasonable under Rule 26(b)(4)(E)(i). *See Fiber Optic Designs*, 262 F.R.D. at 589; *Jensen v. Lawler*, 338 F. Supp. 2d 739, 747 (S.D. Tex. 2004). If an expert's fee is unreasonable, the Court may, at its discretion, fashion a

---

[3] Notably, subsection (ii) of Rule 26(b)(4)(E) does include "fees and expenses." Fed. R. Civ. P. 26(b)(4)(E)(ii).

7

reasonable alternative. *See Borel v. Chevron U.S.A. Inc.*, 265 F.R.D. 275, 276 (E.D. La. 2010). The Court will now assess what amount of Plaintiffs' requested expert fees is reasonable and incurred in response to discovery under Rule 26(b)(4)(A) with respect to each of Plaintiffs' experts. As an initial matter, the Court finds that the hourly rates the Plaintiffs attribute to their experts are reasonable, based on the experience of these experts and the relative similarity of these rates to the rates of Defendant's experts.

### 1. Dr. Walter Harrell

Dr. Harrell billed a flat fee of $4,000 for his deposition. Given that Dr. Harrel's regular billing rate is $350 per hour, that his deposition lasted approximately four hours, and that he is based in Austin, which is presumably where his deposition took place, this fee is unreasonable. Further, while Dr. Harrell's flat fee includes up to ten hours of preparation time, Plaintiffs have provided no evidence that Dr. Harrell actually spent time preparing for his deposition. Without such evidence, Plaintiffs have not met their burden with respect to any time Dr. Harrell may have spent preparing for his deposition. Thus, the Court finds that a reasonable fee for the time Dr. Harrell spent responding to his deposition is **$1,400**.

### 2. Dr. Lara McKenzie

Dr. McKenzie billed for six hours of deposition time and sixteen hours of travel time to and from her deposition. The Court concludes that the time Dr. McKenzie billed for her deposition is reasonable based on the start and stop times of her deposition (from 8:57 AM to 2:26 PM). However, Dr. McKenzie billed two full eight hour days for travel time—including for one of the days for which she also billed six hours for her deposition. Although Dr. McKenzie had a substantial distance to travel, from Columbus, Ohio to Austin, Texas, flights between these two cities regularly have a total travel time of approximately four hours. Thus, the Court finds that the total travel time

billed for travel to and from the deposition is unreasonable, and that a reasonable amount of time is ten hours.

Dr. McKenzie's invoices do not separately list the time she spent preparing for her deposition, but instead indicate that she spent seventeen and a half hours on six different tasks, one of which was "deposition preparation." (McKenzie Aff. at 5, Dkt. 270-8). Without more information, the Court concludes that it would be unreasonable to attribute more than three hours of this time to deposition preparation. Thus, at Dr. McKenzie's rate of $250 per hour, a reasonable fee for the time Dr. McKenzie spent responding to her deposition is $**4,750**.

### 3. Harold Newbold

Mr. Newbold's invoices are the most voluminous of Plaintiff's experts, and were not pared down by Plaintiffs whatsoever. Plaintiff's tabulation of Newbold's time even includes time spent and billed for by his support staff, who were not experts in this case. After sorting through the twenty-nine pages of invoices from Mr. Newbold's firm, the Court identified five time entries in Mr. Newbold's bill that indicate his time was, at least in part, attributable to deposition preparation. These entries provide:

| Time | Date | Description |
| --- | --- | --- |
| 2.5 | 4/1 | Begin preparation for deposition |
| 7 | 4/2 | Continue w/ depo prep, prepare for vehicle testing re: Bizzak test results |
| 7 | 4/6 | Continue w/ vehicle testing, discussion w/ S. Breen, continue w/ depo prep, send documents |
| 7 | 4/7 | Prepare for depo |
| 7 | 4/8 | Prepare for depo |

(Newbold Aff. at 20–21, Dkt. 270-16).[4] It would be unreasonable to attribute all of this time to deposition preparation because some of Mr. Newbold's entries included other activities. Further, while Mr. Newbold was testifying on a complex subject, it is also quite clear from his invoices that

---

[4] While it is possible that some of Mr. Newbold's other entries also encompassed some deposition preparation, Plaintiffs failed to submit any evidence of that.

9

Mr. Newbold was intimately involved in Plaintiffs' case, thus would likely be very familiar with the topics he was to be deposed on prior to preparation. Thus, the Court finds that it would be unreasonable to attribute more than eleven hours to Mr. Newbold's deposition preparation—approximately the same time he spent in deposition. *See Ushijima*, 2015 WL 11251558, at *6 (ordering reimbursement of one hour of preparation time for every hour spent in deposition in complex case).

Two entries cover the time Mr. Newbold spent traveling to and from Austin for his deposition and the time he spent in his deposition:

| Time | Date | Description |
|------|------|-------------|
| 9.5  | 4/9  | Travel to Austin, visit accident area, feed cattle, meet w/ S. Breen |
| 16   | 4/10 | Deposition, travel back to Colorado |

(Newbold Aff. at 21, Dkt. 270-16). Records of Mr. Newbold's deposition indicate that it lasted just under eleven hours. Assuming it took Mr. Newbold approximately the same amount of time to travel back to Colorado (approximately five hours), as it did for him to travel to Austin, the Court finds that Mr. Newbold's total travel time and deposition time was approximately twenty-one hours. Thus, a reasonable fee for the time Mr. Newbold spent responding to his deposition is **$10,240**.

### 4. Dr. John Trapani

Dr. Trapani billed a flat fee for his travel to and from his deposition of $1,500 and a flat fee for the time spent in his deposition of $1,750. Dr. Trapani's bills indicate that he was traveling from New Orleans, Louisiana, to Austin, Texas, although there is no evidence regarding the exact time Dr. Trapani spent traveling for his deposition. The Court concludes that the fee for Dr. Trapani's travel time is reasonable, based on the rates charged by similar experts and the length of time required to travel between Austin and New Orleans.

The transcript of Dr. Trapani's deposition indicates that his deposition lasted approximately two hours. There is no indication in Dr. Trapani's bills of any time spent preparing for or reviewing his deposition. Accordingly, the Court finds that the fees charged by Dr. Trapani for his deposition are unreasonable because they would compensate him at more than $800 an hour for time spent in his deposition. Defendant suggests that a reasonable hourly fee for Dr. Trapani is $495 per hour, and the Court agrees. Thus, the Court concludes that a reasonable fee for the time Dr. Trapani spent responding to his deposition is $**2,490**.

### 5. Dr. William J. Vigilante

Dr. Vigilante billed three hours and fifteen minutes for deposition preparation and eight hours for his deposition. His billing notes and the transcript of his deposition, however, indicate that his deposition actually lasted more than ten hours. Dr. Vigilante also billed three hours and fifteen minutes for reviewing his deposition. Given the length of his deposition, the Court finds that Dr. Vigilante reasonably spent sixteen and a half hours preparing for, attending, and reviewing his deposition.

Dr. Vigilante billed five and a half hours each way for his travel to and from Austin, although he indicated on his bill that travel to his deposition actually took seven hours. Like with the other experts, the Court finds that it would be unreasonable to pay an expert for the full amount of time he or she spent traveling when the same travel could have been done in less time, thus it finds that Dr. Vigilante reasonably spent eleven hours traveling to and from his deposition. Thus, a reasonable fee for the time Dr. Vigilante spent responding to his deposition is $**11,412.50**.

### C. Defendant's Motion for Reimbursement of Expert Expenses

In its response to Plaintiffs' motion for reimbursement of expert expenses, Defendant included a page-long "Cross-Motion" for reimbursement of expert expenses. However, within this cross-motion, Defendant indicates that the evidence it has attached is incomplete, and that it

11

"reserves the right to supplement its cross-motion with evidence of . . . travel time." (Def.'s Resp. at 9-10, Dkt. 285). Further, Defendant did not comply with the local rule requiring that a certificate of conference be included as part of its motion. Local Rule CV-7(i).

The Court will therefore deny Defendant's motion without prejudice to refiling due to Defendant's failure to comply with the Local Rules and so that the Court may avoid ruling on Defendant's motion in bits and pieces. The Court instructs Defendant to comply with Local Rule CV-7(i) if it chooses to refile its motion for reimbursement of expert expenses.

### III. CONCLUSION

It is therefore **ORDERED** that Plaintiff's Motion for Reimbursement of Expert Expenses is **GRANTED IN PART**. Defendant is **ORDERED** to pay Plaintiffs in the amount of $30,292.50.

It is further **ORDERED** that Defendant's Cross-Motion for Reimbursement of Expert Expenses is **DENIED WITHOUT PREJUDICE**.

**SIGNED** on November 3, 2016.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE